# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**GLEN KILMER,**

    Plaintiff,

v.                                             CIVIL ACTION NO.: 3:13-CV-95
                                                               (JUDGE GROH)

**THE COUNTY COMMISSION OF**
**JEFFERSON COUNTY, WEST VIRGINIA,**
**and PETER H. DOUGHERTY,**

    Defendants.

## ORDER DENYING MOTION TO CONSOLIDATE

Currently pending before the Court is the parties' joint Motion to Consolidate, filed on Thursday, October 23, 2014, at 8:25 p.m. ECF 32. The parties jointly move the Court to consolidate this matter with a different pending case, Civil Action No. 3:13-CV-156. A jury trial is currently scheduled in this matter for Tuesday, October 28, 2014.

At the Final Pretrial Conference, the parties informed the Court that they had reached a settlement agreement, but on October 23, 2014 they notified the Court that final approval of that settlement was not obtained. The parties aver that consolidation will allow them to continue to attempt to achieve a resolution in this matter. Additionally, the parties state that consolidation is appropriate because the two actions involve the same witnesses and present the same issues.

Federal Rule of Civil Procedure 42(a) provides, "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." The decision whether to consolidate is left to the sound discretion of the district judge. <u>A/S J. Ludwig</u>

Mowinckles Rederi v. Tidewater Constr. Corp., 559 F.2d 928, 933 (4th Cir. 1977) (stating that district courts have broad discretion under Rule 42(a) to consolidate causes pending in the same district); see also Good v. Am. Water Works Co., Civil Action No. 2:14-01374, 2014 WL 2481821, at *2 (S.D.W. Va. June 3, 2014) (stating that the Fourth Circuit affords broad discretion to district courts on matters of consolidation, "recognizing the superiority of the trial court in determining how best to structure similar pieces of litigation").  Courts may utilize several factors when considering a motion for consolidation, including the risk of inconsistent adjudications; the burden on parties, witnesses, and available judicial resources; the length of time required to conclude multiple suits as against a single one; and the relative expense to all concerned.  Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982), on reh'g, 712 F.2d 899 (4th Cir. 1983).  These factors can be weighed against the specific risks of prejudice and possible confusion identified by the parties.  Id.

Here, the Court finds that consolidation is inappropriate.  Consolidation of separate cases is not available to parties as a matter of right.  See Fleishman v. Prudential-Bache Sec., Inc., 103 F.R.D. 623, 624-25 (E.D. Wis. 1984) ("[A] party moving for consolidation must show that consolidation would promote trial convenience and economy in administration due to factors other than a mere commonality of legal and factual issues.").  The parties' motion contains one conclusory sentence addressing the appropriateness of consolidation: "Consolidation is appropriate as the cases involve the same issues and the same witnesses."  But the parties neither identify nor discuss these issues or witnesses.  In addition, the motion cites no rule, statute, or case law.  The parties therefore seek consolidation on the basis of one bare assertion.  The Court finds that this is not enough to warrant consolidation.

The parties' primary contention is that consolidation would allow them to "continue to attempt to achieve a resolution" in this matter. This case has been pending before the Court since August 19, 2013. The parties now, after more than one year and directly following failed settlement negotiations, seek to consolidate it with another case four days before trial. They propose trying both cases on December 9, 2014. In effect, the parties seek a continuance under the guise of a consolidation. The Court is cognizant of the significant benefits of consolidation generally. See Arnold, 681 F.2d at 193. However, the Court declines to grant the motion here, where the primary argument for consolidation is its potential effectiveness as a dilatory negotiation strategy. Settlement negotiations alone do not constitute good cause to extend a court's deadlines. See Moreno v. Poverty Point Produce, Inc., 243 F.R.D. 275, 276 (S.D. Tex. 2007) ("The mere possibility that the parties may settle this case at some future time, although they have not reached a settlement agreement in the previous five weeks, is too speculative for this Court to base a decision to extend the deadlines . . . on that basis alone"). The same principle applies here.

Moreover, the Court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored. Any request, even a veiled one, to continue the date of any matter before this Court must be supported by a sufficient basis that demonstrates good cause why the change in date is essential. Without such compelling factual support, requests to continue dates set by this Court will not be approved.

Accordingly, the parties' joint Motion to Consolidate is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: October 24, 2014

/s/ Gina M. Groh
GINA M. GROH
UNITED STATES DISTRICT JUDGE